FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 17, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

GIOVANNI A. POWELL, SR.,

                   Plaintiff,

      v.

WASHINGTON STATE DEPARTMENT OF CHILDREN, YOUTH, AND FAMILIES, RACHEL GRIGGS, BRANDY WEST, and ELIZABETH JIMENEZ,

                  Defendants.

No. 4:25-cv-5136-EFS

**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(b)**

By Order filed March 27, 2026, the Court dismissed this case with prejudice, finding that Plaintiff's claims are time-barred.[1] Judgment

---

[1] ECF No. 19.

ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT
PURSUANT TO RULE 60(b) - 1

was entered the same day.[2] On June 12, 2026, Plaintiff filed a Motion for Relief from Judgment Pursuant to Rule 60(b).[3]

In his Motion, Plaintiff states that he "did not abandon his claims, fail to pursue his rights, or intentionally delay litigation."[4] He claims that he "remained trapped in unresolved proceedings and was unable to obtain the rulings, findings, or review necessary to effectively proceed and preserve related federal claims."[5] He states that he "further faced substantial barriers as a pro se litigant, including mailing and filing complications that contributed to delays outside Plaintiff's control."[6] Plaintiff asserts that "[u]nder these circumstances…dismissal based solely upon statute of limitations grounds would create manifest injustice."[7]

---

[2] ECF No. 20.

[3] ECF No. 21.

[4] *Id.* at 1.

[5] *Id.*

[6] *Id.*

[7] *Id.*

ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT
PURSUANT TO RULE 60(b) - 2

A motion for reconsideration may be reviewed under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or 60(b) (relief from judgment).[8] "A district court may properly reconsider its decision if it '(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'"[9] "There may also be other, highly unusual, circumstances warranting reconsideration."[10]

Plaintiff has not presented newly discovered evidence, demonstrated that the Court committed clear error as to its ruling that Plaintiff's claims are time-barred, or shown that the Order dismissing this action was manifestly unjust. Instead, Plaintiff merely broadly claims that he made continuing efforts and was obstructed by court

---

[8] *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).

[9] *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (*quoting Sch. Dist. No. 1J*, 5 F.3d at 1263).

[10] *Sch. Dist. No. 1J*, 5 F.3d at 1263.

ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT
PURSUANT TO RULE 60(b) - 3

proceedings; this is insufficient. There has also been no intervening change in controlling law, and Plaintiff pleads no other circumstances warranting reconsideration.[11] Therefore, Plaintiff's Motion for Relief from Judgment, ECF No. 21, is DENIED.

Accordingly, **IT IS HEREBY ORDERED**:

1.    Plaintiff's Motion for Relief from Judgment Pursuant to Rule 60(b), **ECF No. 21**, is **DENIED**.

2.    The file shall **REMAIN** closed. The Court shall entertain no further documents in this case, other than a notice of appeal of the Court's ruling regarding the Motion for Relief from Judgment, and the Clerk's Office shall note no further motions or petitions for hearing.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order and provide a copy to Plaintiff at his last known address.

DATED this 17th day of June 2026.

EDWARD F. SHEA
Senior United States District Judge

---

[11] *Id.*

ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT
PURSUANT TO RULE 60(b) - 4